UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE BUCKNER,

Plaintiff,

vs.

Case No. 11-cv-13623
HON. GERSHWIN A. DRAIN

MICHAEL RINI, *et al.*,

Defendants.

_____________________________/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#30]**

Presently before the court is Plaintiff's Motion for Reconsideration, filed on October 10, 2012. Plaintiff moves for reconsideration of this Court's Order Denying Motion for Appointment of Counsel. *See* Dkt. No. 27. For the reasons that follow, Plaintiff's Motion for Reconsideration is DENIED.

Plaintiff has not demonstrated he is entitled to relief pursuant to Local Rule 7.1(h)(3), which provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(h)(3). Plaintiff argues that pursuant to Amendment VI, indigent prisoners are entitled to the assistance of competent counsel. He further asserts that he requires counsel to obtain the necessary case law to oppose Defendants' briefs and/or

motions. As an initial matter, the docket does not reveal any motions pending before the Court, save for the present motion for reconsideration. Further, as this Court noted in its original order denying Plaintiff the appointment of counsel, this is a civil action, thus the Sixth Amendment right to competent counsel is inapplicable here. *See* U.S. CONST. amend. VI ("In all **criminal prosecutions**, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence.") (emphasis supplied).

The "appointment of counsel in a civil case is a privilege and not a constitutional right. It should be allowed in civil actions only in exceptional cases." *Lopez v. Reyes*, 692 F. 2d 15, 17 (5th Cir. 1982).

> In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F. 2d 601, 605 (6th Cir. 1993) (internal citations and quotations omitted); *see also, Henry v. Detroit Manpower Dep't*, 763 F. 2d 757, 760 (6th Cir. 1985). Plaintiff's present motion raises the same arguments already considered and rejected by this Court. Accordingly, he has failed to demonstrate a palpable defect by which this Court has been misled, the correction of which will result in a different disposition of this Court's Order Denying the Appointment of Counsel. *See* E.D. Mich. L.R. 7.1(h)(3).

Accordingly, Plaintiff's Motion for Reconsideration [#30] is DENIED.

SO ORDERED.

Dated: November 5, 2012

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 5, 2012, by electronic mail.

/s/ Tanya Bankston
Deputy Clerk