UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE E. BUCKNER, JR.,

       Plaintiff,                              Case No. 11-13623
                                                  HON. GERSHWIN A. DRAIN

vs.


DETECTIVE MICHAEL RINI, DETECTIVE
CHRIS VALINSKI, DETECTIVE SERGEANT
BUCKBERRY, and DETECTIVE SCHULTZ,

       Defendants.

_____/

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#36]
AND CANCELLING MAY 7, 2013 HEARING


**I.      INTRODUCTION**

      Presently before the court is Defendants' Motion for Summary Judgment.  Plaintiff

has failed to respond to Defendant's Motion in the time allowed.  Upon review of the

Complaint and Motion for Summary Judgment the Court concludes that oral argument will

not aid in the resolution of this matter.  Accordingly, the Court will resolve the pending

Motion on the briefs and cancels the hearing scheduled for May 7, 2013.  *See* E.D. Mich.

L.R. 7.1(f)(2).  For the reasons that follow Defendants' Motion is GRANTED.


**II.     PROCEDURAL AND FACTUAL HISTORY**

     Plaintiff's Complaint stems from his arrest on December 8, 2010 for possession of

marijuana in violation of MCL 333.7403(2)(d).  The relevant facts of the arrest are as follows.  Defendants Buckberry and Schultz were conducting surveillance in a high narcotics area near Haggerty Road and Interstate 94 in Van Buren Township, Michigan.  They observed a Mercury Mountaineer pull into a gas station there.  The driver exited, went inside the gas station for a moment, returned to the vehicle and then drove off.  The officers discovered the car belonged to Plaintiff, whom they knew to be a drug dealer based on previous interactions.  Defendant Buckberry ordered Defendants Rini and Valinski to conduct a traffic stop after the vehicle turned abruptly without using a turn signal.

As they approached the vehicle Defendants Rini and Valinski could smell burnt marijuana.  Defendant Rini obtained permission from both the driver, Mr. Jejuan Crawford, and Plaintiff to search the vehicle.  Mr. Crawford was found to have numerous bags of marijuana wrapped in tin foil and a digital scale.  Mr. Crawford claimed that the Plaintiff gave him these items because he was worried that he would go back to jail if he got caught with them.  The officers did not initially find any contraband on Plaintiff.

The officers arrested Plaintiff and seized his vehicle.  As Plaintiff was being processed at the police station he admitted to having 6.2 grams of marijuana in the front of his shorts, which he gave to Defendant Rini.  After being fingerprinted, photographed, and lodged pending warrant approval, Plaintiff produced an application for medical marijuana, but it was unclear whether the application was ever processed.  Def.'s Ex. 3. Plaintiff was served with a Notice of Seizure with Intention to Forfeit in regards to his vehicle and $1,070 cash.  Plaintiff was charged with possession of marijuana, but the charge was later dismissed.

Plaintiff filed suit against Defendants on August 19, 2011 for several alleged

violations of his constitutional rights.  Defendants filed for Summary Judgment on March 7, 2013.  Plaintiff failed to respond to the Motion for Summary Judgment in the time allowed.

### III.    LAW AND ANALYSIS

#### 1. Standard of Review

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*,

241 F.3d at 532 (6th Cir. 2001).   "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial."   *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).   Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.   *Anderson*, 477 U.S. at 248, 252.   Rather, there must be evidence on which a jury could reasonably find for the non-movant.   *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### 2. Qualified Immunity

Defendants offer several reasons for dismissal of the claims brought by Plaintiff. Since qualified immunity disposes of the entire suit it is the only issue discussed.

The Supreme Court held that, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."   *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   Qualified immunity

is determined by the two-step inquiry provided in *Saucier v. Katz*, 533 U.S. 194 (2001).[1]

The first step asks whether: "Taken in the light most favorable to the party asserting the

injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.*

If answered in the affirmative, then the second step asks whether the right was clearly

established. *Id.* "The contours of the right must be sufficiently clear that a reasonable

official would understand that what he is doing violates that right." *Anderson v. Creighton*,

483 U.S. 635, 640 (1987).

Plaintiff raises many constitutional violations, all of which stem from his December

8, 2010 arrest. The Fourth Amendment claims are based on the alleged false arrest, false

imprisonment, and malicious prosecution of Plaintiff by the Defendants and the seizure of

his property after the arrest. The Fifth Amendment violation is based on the alleged lack

of due process before seizing his money and vehicle.[2] One of the Fourteenth Amendment

claims is that Plaintiff was denied the due process afforded to other citizens who possess

a medical marijuana license; the other is that the officers engaged in selective enforcement.

Finally, Plaintiff alleged that the officers engaged in civil conspiracy to deprive him of his

constitutional rights. None of Plaintiff's claims establish that the officers violated a

constitutional right, therefore the Defendants are entitled to qualified immunity.

"In order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove

---

[1]In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that the *Saucier* order of inquiry is not mandatory, but remains helpful. The difference is immaterial for this case as none of Plaintiff's claims pass either step.

[2]Plaintiff's Fifth Amendment claim is improper since the Defendants are municipal officers and the Fifth Amendment only applies to federal officers.

that the police lacked probable cause." *See, e.g.*, *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). The Fourth Amendment false arrest/imprisonment claim[3] is defeated because the officers had probable cause to arrest the Plaintiff. Probable cause for arrest is defined as "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. McClain*, 444 F.3d 556, 562 (6th Cir. 2005) (quoting *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (en banc)). The totality of the circumstances are examined to determine whether the officers had sufficient knowledge for a prudent person to believe that the arrested individual committed an offense. *See Sykes v. Anderson*, 625 F.3d 294, 306 (6th Cir. 2010).

It is clear that the officers had probable cause to arrest and imprison the Plaintiff. They observed Plaintiff's car in a high narcotics area and discovered it was registered to Plaintiff, whom they previously knew to be a drug dealer. After lawfully pulling over the vehicle the officers smelled marijuana coming from the vehicle. The search of Mr. Crawford confirmed the officers' suspicion that there was contraband in the car and Mr. Crawford indicated that the marijuana belonged to the Plaintiff. These events provided a reasonable belief that the Plaintiff had contraband on him and justified his arrest and imprisonment.

Plaintiff raised his medical marijuana application as evidence that he was wrongly arrested and imprisoned. The application is irrelevant to the analysis because Plaintiff did not produce the application until after being brought to the police station by the officers.

---

[3] Defendants correctly point out that the analysis of the two claims is essentially the same as both ask whether the officers had probable cause for their actions and the imprisonment necessarily follows from the arrest. *See Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988).

Def.'s Mot. for Summ. J. 9.  Also, the officers could not immediately ascertain the validity of the application, so they were justified in detaining Plaintiff.  Since the officers had probable cause for the arrest and imprisonment of Plaintiff, the officers are entitled to qualified immunity on Plaintiff's false arrest and imprisonment claims.

Plaintiff's malicious prosecution claim fails because the Defendants did not play an active role in Plaintiff's prosecution.  A malicious prosecution claim must be dismissed when, "the defendant did not make, influence, or participate in the decision to prosecute." *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007).  Defendants assert that their only role in the prosecution was forwarding the police report to the prosecutor.  Def.'s Mot. for Summ. J. 6-7.  Plaintiff has not alleged any specific facts to lead this Court to believe otherwise, thus he has not properly alleged a constitutional violation.

Several of Plaintiff's allegations are based on the Fourteenth Amendment.  The first is that he was not afforded the due process given to other citizens who hold a medical marijuana license.  There are several fatal errors with this complaint.  For starters, it remains unclear whether Plaintiff actually has a medical marijuana license.  The law explicitly requires the registrant to carry and present an identification card, which Plaintiff did not.  MCL 333.26424(a).  Also, it is unclear what extra procedural protections the Fourteenth Amendment provides to holders of a valid medical marijuana license and the Court is not properly presented with that question today.  Even if Plaintiff did have a valid license, and he was owed some type of process, he effectively waived those protections by failing to promptly present his identification card when questioned by the officers.

The next Fourteenth Amendment claim made by Plaintiff is that the officers engaged in selective enforcement by arresting him.  The Sixth Circuit has established the following

three-part test to determine whether a selective enforcement claim is valid:

> First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, [the official] must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

*United States v. Anderson*, 923 F.2d 450, 453 (6th Cir.1991).  The first element has, "an absolute requirement that the plaintiff make at least a prima facie showing that similarly situated persons outside her category were not prosecuted."  *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir. 1997).  Plaintiff's claim does not pass the first step.  The "identifiable group" Plaintiff claims to be a part of is persons with prior criminal history.  Compl. 4.  There is no mention in Plaintiff's Complaint of the officers' treatment of similarly situated persons.  Failure to comply with the strict requirement of the first element means Plaintiff has not properly alleged this claim.

Finally, Plaintiff has failed to sufficiently allege a civil conspiracy claim.  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  The sum of Plaintiff's allegations are that the Defendants conspired to pull his vehicle over because he was a known narcotics dealer.  Compl. 4.  These allegations fall far short of the type of specificity required to maintain a conspiracy claim.

Since Plaintiff has failed to demonstrate that the officers violated his constitutional rights in any of his claims Defendants are entitled to qualified immunity from all of Plaintiff's claims.  As such, Plaintiff's suit against Defendants is dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [#36] is

GRANTED.

SO ORDERED.


Dated:  April 22, 2013

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 22, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk